## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IMURA INTERNATIONAL USA, INC., a Kansas corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CIRCUITLAB, INC., a California corporation, | ) ) ) |
| Defendant. | ) ) |

Case No. ___17-2638___

**JURY TRIAL DEMANDED**

### COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Imura International USA, Inc. ("IIUSA") and for its Complaint against Defendant CircuitLab, Inc. ("CircuitLab") alleges as follows:

### THE PARTIES

1.      Plaintiff IIUSA is a Kansas corporation, having its principle place of business at 11100 W. 58th Street, Shawnee, KS 66203 and is the sole owner of a company, located at the same address, in the business of manufacturing, distributing and selling cookware products.

2.      Defendant CircuitLab is a Delaware corporation having its principle place of business at 164 Middlefield Road, Palo Alto, CA 94301.

3.      Defendant CircuitLab may be served through its Registered Agent: INCORP SERVICES, INC., Attention: Steven Pickett, 5716 Corsa Avenue, Suite 110, Westlake Village, CA 91362-7354.

### NATURE OF THE ACTION

4.      This is a civil action for infringement of patents arising under United States Patent law, 35 U.S.C. § 1, *et seq*. including without limitation, 35 U.S.C. §§ 271, 281.  Plaintiff seeks a preliminary and permanent injunction and monetary damages for patent infringement.

## JURISDICTION AND VENUE

5.      This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 in that the Complaint states an action based upon a federal question relating to patents.

6.      This Court has personal jurisdiction over Defendant because it conducts business operation in Kansas, including activities infringing the patents in suit.  Specifically, Defendant offers its products for sale in Kansas by direct sales and through its website at www.pantelligent.com, and www.amazon.com.

7.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1400(b) since Defendant conducts business in the state of Kansas and in this District, and has committed acts of patent infringement which have affected Plaintiff and others who reside in this District.

8.      Upon information and belief, Defendant has marketed, offered for sale and sold infringing products and services in Kansas.  As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District.  Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products and other services in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within this Judicial District.

## THE PATENTS IN SUIT

9.      IIUSA owns United States Patent No. 9,648,975 (the "'975 Patent"), issued May 16, 2017 entitled "Radio Frequency Identification Controlled Objects".  A copy of the '975 Patent is attached as **Exhibit 1** and incorporated herein by this reference.

10.     IIUSA owns United States Patent No. 9,215,758 (the "'758 Patent"), issued December 15, 2015 entitled "Stovetop Interface, System and Method of Temperature Control of

Cookware, and Methods of Cooking Using Numerical Temperature Control".  A copy of the '758 Patent is attached as **Exhibit 2** and incorporated herein by this reference.

11.     IIUSA owns United States Patent No. 8,637,797 (the "'797 Patent"), issued January 28, 2014 entitled "Radio Frequency Identification Controlled Objects".  A copy of the '797 Patent is attached as **Exhibit 3** and incorporated herein by this reference.

12.     IIUSA owns United States Patent No. 8,212,189 (the "'189 Patent"), issued July 3, 2012 entitled "Stovetop Interface, System and Method of Temperature Control of Cookware, and Methods of Cooking Using Numerical Temperature Control".  A copy of the '189 Patent is attached as **Exhibit 4** and incorporated herein by this reference.

13.     The '975 Patent, '758 Patent, '797 Patent and '189 Patent (collectively, the "Patents in Suit") were obtained to protect the inventions of Mamoru Imura, which pertain generally to methods and apparatus for embedding a temperature sensor into cookware, and displaying the cookware's temperature on a control interface.

14.     The ownership rights to the inventions disclosed and claimed in the Patents in Suit were assigned by Mamoru Imura to IIUSA and the assignment was recorded with the United States Patent and Trademark Office.

## THE ACCUSED PRODUCT - PANTELLIGENT

15.     Defendant manufactures, or has manufactured, distributes and sells a cookware product branded as "Pantelligent" that uses an embedded temperature sensor in the pan to display the pan's temperature, and control the cooking temperature and time.

16.     The Pantelligent product uses a temperature sensor embedded in the pan that communicates with its "app," which monitors the temperature of the pan and displays the pan

temperature on an electronic device, which device provides instructions for a Pantelligent cooking recipe.

17.     The "Limited Warranty" provided for the Pantelligent product states:   "The following warranty provision shall apply to products sold by CircuitLab, Inc. ('Seller') to the entity shown as buyer ('Buyer') on Seller's invoice."

18.     The "Terms & Conditions of Sale" for the Pantelligent product states: "Welcome to the online store (the 'Store') provided by CircuitLab, Inc. ('Seller')."

19.     The Pantelligent product claims a "patent pending" reference but no patent application number or other identifiable patent claim number are provided either with the product itself, or on its website.

20.     Defendant's United States Patent Application No. 14/499,771 (the "'771 Application"), filed on September 29, 2014, was abandoned.  The '771 Application identifies Michael Robbins, Yuan Wei, Kyle Moss and Humberto Evans as claimed inventors.

21.     The Pantelligent product does not have any pending or granted United States Patent protections and deliberately and falsely claims such protection pursuant to 35 U.S.C. § 292.

## COUNT 1 – PATENT INFRINGEMENT

22.     Plaintiff incorporates and restates the foregoing allegations of Paragraphs 1 through 21 as though set forth fully herein.

23.     Prior to commencing this legal action, Plaintiff placed Defendant on notice that Defendant's Pantelligent product infringes the Patents in Suit.

24.     Despite such knowledge of infringement, Defendant has continued to infringe the Patents in Suit.

25.    Defendant has infringed the Patents in Suit by making, using, selling, and/or importing products embodying the patented inventions, inducing others to make, use, sell, and/or import products embodying the patented inventions, and/or by contributing to the manufacture, use, sale, and/or importation of products embodying the patented invention.

26.    The Pantelligent product infringes at least Claims 1, 5, 6, 8, 9, 11, 12, 13, 14, 17, 18, and 20 of the '975 Patent.

27.    The Pantelligent product infringes at least Claims 1, 2, 3, 5, 6, 7, 9, 10, 11, 12, 13, and 14 of the '758 Patent.

28.    The Pantelligent product infringes at least Claims 1, 5, 6, 8, 9, 11, 12, 13, 14, 17, and 18 of the '797 Patent.

29.    The Pantelligent product infringes at least Claims 1, 3, 4, 6, 7, 8, 9, 10, 11 17, and 18 of the '189 Patent.

30.    Such infringement by Defendant is deliberate, willful, and intentional, with full knowledge of the existence and validity of the Patents in Suit.

31.    Defendant's infringement of the Patents in Suit has caused Plaintiff monetary harm in an amount to be proven at trial.  The amount of the damages has not yet been calculated but Plaintiff is entitled to an award of damages adequate to compensate for the infringement in an amount that in no event will be less than a reasonable royalty pursuant to 35 U.S.C. § 284.

32.    Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs and enhanced damages under 35 U.S.C. § 284.

## COUNT 2 – INJUNCTION

33.    Plaintiff incorporates and restates the foregoing allegations of paragraphs 1 through 32 as though set forth fully herein.

34.     As a direct and proximate result of Defendant's actions of infringing the Patents in Suit, Plaintiff has suffered, and will continue to suffer, irreparable harm.

35.     Unless restrained, if Defendant's infringement of the Patents in Suit continues, such infringement will cause Plaintiff irreparable harm for which there is no adequate remedy at law.

36.     Defendant's open and notorious infringement of the Patents in Suit has fundamentally undermined Plaintiff's ability to commercialize its invention or to otherwise enjoy the benefit of its federally issued patent rights, and prevented Plaintiff from enjoying the benefit of its exclusive rights to the Patents in Suit.

37.     Defendant's express unwillingness to recognize the Patents in Suit and its obvious intention to ignore Plaintiff's rights in and to the Patents in Suit have and will continue to fundamentally undermine the value of the Patents in Suit for which there is no other remedy at law or equity other than an injunction that will protect Plaintiff's rights.

38.     Plaintiff has suffered, and will continue to suffer, irreparable harm and damage unless preliminary and final injunctions are issued enjoining Defendant from infringing upon the Patents in Suit.

39.     As a result of Defendant's infringement of the Patents in Suit, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights, will lose the good will of its customers, and prospective customers, and is now suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the Patents in Suit under 35 U.S.C. § 283.

40.     Plaintiff will likely prevail on the merits of this case at trial.

WHEREFORE, Plaintiff Imura International USA, Inc. prays for judgment against Defendant CircuitLab, Inc. as follows:

(a)   Finding that the '975 Patent has been infringed by Defendant;

(b)   Finding that the '758 Patent has been infringed by Defendant;

(c)   Finding that the '797 Patent  has been infringed by Defendant;

(d)   Finding that the '189 Patent has been infringed by Defendant;

(e)   Finding that Defendant's infringement of the Patents in Suit as herein alleged has been deliberate, willful and in conscious disregard of Plaintiff's rights pursuant to 15 U.S.C. §§ 1117 and 1125(a) and 35 U.S.C. § 284;

(f)   Awarding Plaintiff an injunction against continuing infringement by Defendant and any of Defendant's parents, subsidiaries, divisions, officer, employees, successors and assigns while enjoining them from making, using, selling, practicing or offering to sell the invention of the Patents in Suit pursuant to 35 U.S.C. § 283;

(g)   Awarding Plaintiff damages adequate to compensate it for the infringement including its lost profits, royalties, attorney fees pursuant to 35 U.S.C. § 285, costs, prejudgment interest and post-judgment interest, as allowed by law;

(h)   Ordering Defendant that all goods in the possession, custody, or control of Defendant that infringe the Patents in Suit be delivered up and destroyed within 30 days of entry of judgment;

(i)   Awarding Plaintiff an additional sum on account of the willful, intentional and deliberate character of Defendant's infringing acts pursuant to 15 U.S.C. § 1117, and 35 U.S.C. §§ 284, 285 and 292; and

(j)   Granting Plaintiff all other legal and equitable relief to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Demand for jury trial on all issues so triable is hereby made under FED. R. CIV. P. 38(b).

Dated:  November 1, 2017          Respectfully submitted by:

                             LATHROP GAGE LLP


By:    /s/ Brian W. Fields
         Brian W. Fields (KS #18356)
         bfields@lathropgage.com
         Eric D. Sidler (KS #78713)
         esidler@lathropgage.com
         2345 Grand Boulevard, Suite 2200
         Kansas City, Missouri  64108-2618
         Telephone:  (816) 292-2000
         Telecopier:  (816) 292-2001

         **ATTORNEYS FOR PLAINTIFF**
         **IMURA INTERNATIONAL USA, INC.**